141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE of California, on behalf of the State of California
Department of Health Services, the State of California
Hazardous Substances Account, and the Hazardous Substance
Cleanup Fund, Plaintiff-Appellee,
v.
George BESONE, DBA Turlock Sales Company; George Besone,
Inc., Defendants-Appellants.
 No. 93-17326.
D.C. No. CV-91-00349-GEB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1998.
Decided Mar. 11, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Besone, d.b.a. Turlock Sales Company, appeals the district court's summary judgment in favor of the State of California ("the State") in the State's action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. The State sought to recover costs incurred in response to the release and threatened release of hazardous substances by Turlock Sales Company.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), as well as the district court's interpretation of CERCLA, see United States v. Louisiana-Pac. Corp., 754 F.2d 1445, 1447 (9th Cir.1985). We affirm in part, vacate in part, and remand.
 
 
 4
 We reject Besone's contention that the State failed to establish a release or threatened release of hazardous substances on his property. The district court properly determined that Besone's storage of asbestos-covered tanks in open air on his property made it likely that asbestos would be released into the environment. See United States v. Metate Asbestos Corp., 584 F.Supp. 1143, 1149 (D.Ariz.1984).[1]
 
 
 5
 We also reject Besone's contention that the State's response to the release or threatened release of hazardous substances on his property was inconsistent with the National Contingency Plan ("NCP"). Besone failed to present evidence that the State's response was inconsistent with the plan. See Washington State Dep't of Transp. v. Washington Natural Gas Co. Pacificorp., 59 F.3d 793, 799-800 (9th Cir.1995).
 
 
 6
 Besone contends that the district court erred by permitting the State to submit declarations in support of its motion for summary judgment. Because Besone failed to raise this argument before the district court, it is waived on appeal. See Arizona v. Components Inc., 66 F.3d 213, 217 (9th Cir.1995).[2]
 
 
 7
 Besone contends he should not be held liable for costs incurred by the State in testing for the presence of substances not actually found on his property. We conclude that the district court correctly found Besone liable for these costs. There is a reasonable nexus between the releases and threatened releases of hazardous substances on Besone's property and the testing costs of the State. See Amoco Oil Co. v. Borden, Inc., 889 F.2d 664, 670-71 (5th Cir.1989).
 
 
 8
 Besone contends he is not liable for the State's indirect costs awarded by the district court.[3] Because the State concedes that certain calculation errors made in its determination of indirect costs should be corrected, we remand this issue to the district court for redetermination. In its redetermination, the district court is directed to consider and rule upon the issue of whether the State can claim indirect response costs for the operation of state centralized services such as the state library and the state legislature.
 
 
 9
 Each party is to bear its own costs on appeal.
 
 
 10
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Besone's argument that the asbestos was not friable is irrelevant, given that asbestos is a hazardous substance under CERCLA regardless of whether it is friable. See 40 C.F.R. § 302.4 and Table 302.4; 40 C.F.R. § 61.01(a)
 
 
 [2]
 Besone's arguments that the State acted inconsistently with the NCP by (1) conducting its investigation for more than six months; (2) failing to conduct a preliminary assessment of the Turlock site; and (3) failing to identify dangerous tanks and containers and by neglecting to order their removal were not raised before the district court and are waived on appeal. See id
 
 
 [3]
 The State's request to submit a supplementary brief on this issue is denied